UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAMANTHA MUNSAMY, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:10-cv-294-RLY-TAB |
| ) | |
| RITTENHOUSE SENIOR LIVING OF ) | |
| INDIANAPOLIS, LLC, ) | |
| Defendant. ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

On March 11, 2011, Samantha Munsamy ("Plaintiff") filed an Amended Complaint against Rittenhouse Senior Living of Indianapolis, LLC ("Defendant") alleging claims of race discrimination under 42 U.S.C. § 1981 ("Section 1981"), and violations arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* and the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. § 1161 *et seq.* Plaintiff now moves for partial summary judgment on her COBRA claim. For the following reasons, the court **DENIES** Plaintiff's motion.

**I.  Background**

  **A.  Defendant's Personnel Record-Keeping Systems**

In August 2008, Plaintiff began working as a receptionist for Defendant. (Deposition of Plaintiff ("Plaintiff Dep.") at 29-30). Velores Smith ("Smith") was

1

Defendant's business office director, and responsible for maintaining personnel records for each employee. (Deposition of Smith ("Smith Dep.") at 13; Affidavit of Smith ("Smith Aff.") ¶ 4). Defendant kept two separate systems of employee records – a payroll system and an insurance system. (Smith Dep. at 45; Smith Aff. ¶ 6). In order to make any changes to an employee's personnel information, Smith had to enter the updated information, separately, into both systems. (Smith Aff. ¶ 6).

### B. Plaintiff's Changes of Address

The initial address provided by Plaintiff on her employment application was 7729 Newport Ways, Apartment B, Indianapolis, IN 46256 ("Newport Ways"). (Plaintiff Dep. at 18). On August 31, 2008, Plaintiff moved to 7775 Carlton Arms Road, Apartment C, Indianapolis, IN, 46256 ("Carlton Arms"). (*Id.* at 16, 65). Plaintiff provided Smith with written notice of her change of address, and Smith placed the notice in Plaintiff's personnel file. (*Id.* at 65-66; Smith Aff. ¶ 7). Inexplicably, when Plaintiff became eligible for benefits and submitted her application for the same, Plaintiff provided her Newport Ways address as her current address on the insurance application. (Plaintiff Dep. at 48-49; Smith Aff. ¶ 5, Ex. A). Based on Plaintiff's insurance application, Smith entered Plaintiff's Newport Ways address into Defendant's insurance database.

In June 2009, Plaintiff was evicted from her apartment at Carlton Arms and moved to 6158 Dijon Drive, Apartment 137, Indianapolis, IN 46220 ("Dijon Drive"). (*Id.* at 16, 64-65). On June 29, 2009, Plaintiff returned to work and maintains that she provided Smith with written notice of her new Dijon Drive address. (*Id.*). Smith does not recall

2

receiving written notice from Smith, and there is no document requesting a change of address in Plaintiff's personnel file. (Smith Aff. ¶ 8).

### C. Post-termination

On July 7, 2009, Plaintiff was terminated. (*Id.*, Ex. E). At that time, Smith was unaware that Plaintiff's address in the payroll system was different from Plaintiff's address in the insurance database. (Smith Aff. ¶ 12). Therefore, the following mix-up occurred: Smith mailed Plaintiff's final paystub to Carlton Arms, and Defendant's plan administrator, Hamilton Insurance Agency ("Hamilton"), received Smith's fax of Plaintiff's notice of termination that reflected Plaintiff's Newport Ways address. (Smith Dep. at 43-45; Affidavit of Stacie Martin ("Martin Aff.") ¶ 3; Smith Aff ¶ 11, Ex. E). This resulted in Hamilton mailing Plaintiff's COBRA notification packet to Newport Ways. (Martin Aff. ¶ 6).

In September 2009, Plaintiff called Smith for information regarding health benefits under COBRA. (Plaintiff Dep. at 86). Smith told Plaintiff that the information should soon arrive by mail, and that it would come from Hamilton. (Plaintiff Dep. at 86-87). Plaintiff allegedly clarified that her current address was Dijon Drive. (*Id.*). On October 2, 2009, after failing to receive a response from Plaintiff, Hamilton mailed a non-commencement letter to Plaintiff at Newport Ways. (Martin Aff. ¶¶ 7-8).

## II. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

3

of law." FED. R. CIV. P. 56(a). "In evaluating a motion for summary judgment, the district court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Winters v. Fru-Con Inc.*, 498 F.3d 734, 744 (7th Cir. 2007). The court construes all fact, and draws all reasonable inferences, in favor of the nonmoving party. *Hamm v. Weyauwega Milk Products, Inc.*, 332 F.3d 1058, 1061-62 (7th Cir. 2003) (citation omitted).

The burden is upon the movant to identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes demonstrates an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met this burden, the nonmoving party may not rest upon mere allegations or denials in its pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

**III. Discussion**

COBRA requires group health plan sponsors to provide notice to each qualified beneficiary who, as the result of a qualifying event, may be entitled to continued coverage. *See* 29 U.S.C. § 1161. Pursuant to the statute, an employer must notify its health plan administrator within thirty days of a qualifying event. *See id.* at § 1166(a)(2). Thereafter, the plan administrator is charged with the duty of notifying former employees of their right to receive continuation coverage within fourteen days after it receives notice of the qualifying event. *Id.* at § 1166(a)(1), (c). Here, the parties do not dispute that

4

Plaintiff is a qualified beneficiary or that Plaintiff's termination constitutes a qualifying event under COBRA. *See also id.* at § 1163(2).

Plaintiff argues that Defendant knowingly provided the incorrect address to Hamilton, the plan administrator, and is, therefore, liable under COBRA for failure to send notice of her COBRA rights. The Seventh Circuit has not directly addressed the issue of what constitutes proper notice under COBRA. *See Turner v. Adidas Promotional Retail Operations, Inc.*, 2009 WL 901487, at * 9 (N.D. Ill. March 31, 2009) (noting that "[t]he Seventh Circuit has not yet had the occasion to address the form of notice that is appropriate or required under COBRA"). Courts in this Circuit have found that an employer's good faith attempt to comply with the COBRA requirements is sufficient to satisfy COBRA requirements. *See id.* ("[A] good faith attempt to comply with COBRA requirements is sufficient to satisfy COBRA requirements." (quoting *Keegan v. Bloomingdale's, Inc.*, 992 F.Supp. 974, 977 (N.D. Ill. 1998) (internal quotation omitted)). "Mailing a notice to an employee's last known address has been held to qualify as a good faith attempt to satisfy [COBRA] and courts have not generally required the employer or plan administrator to ensure that actual notice is received." *Id.* (citing *Keegan*, 922 F.Supp at 977); *see also Robinson-Reeder v. Am. Council on Educ.*, 674 F.Supp.2d 49, 56 (D.D.C. 2009) (finding that "'[a]n employer or plan administrator who sends proper notice by first class mail to the covered employee's last known address is deemed to be in good faith compliance.'"(quoting *Truesdale v. Pac. Holding Co./Hay Adams Div.*, 778 F.Supp. 77, 81 (D.D.C. 1991))).

In her moving brief, Plaintiff claims that her COBRA notices should have been mailed to Carlton Arms. Plaintiff's argument, however, ignores her own deposition testimony in two significant ways. First, Plaintiff testified that she gave Smith her Newport Ways address on her benefit enrollment forms, approximately two months after she moved to Carlton Arms. (Plaintiff Dep. at 15, 48, 65). Thus, she created a situation where Defendant had two "last known addresses" for her in its databases – Carlton Arms in the payroll system, and Newport Ways in the insurance system. Second, Plaintiff testified that prior to her termination, she provided Smith with written notice of her change of address to Dijon Drive, and directed Smith to mail her COBRA notices to that address. (*Id.* 64-65, 86-87). Smith does not recall Plaintiff informing her of the Dijon Drive address, nor does Plaintiff's personnel file contain a copy of the written notice. Thus, there is a factual dispute with respect to whether Plaintiff informed Smith of her Dijon Drive address. There is, at a minimum, a genuine issue of material fact with respect to Plaintiff's "last known address," and thus, an issue of fact as to whether Defendant complied with COBRA's notice requirements. Accordingly, the court must **DENY** Plaintiff's Motion for Partial Summary Judgment.

## IV. Conclusion

For the reasons set forth above, the court **DENIES** Plaintiff's Motion for Summary Judgment (Docket # 49) on her claim arising under COBRA.

**SO ORDERED** this 27th day of March 2012

                                         RICHARD L. YOUNG, CHIEF JUDGE
                                         United States District Court
                                         Southern District of Indiana

Electronic Copies To:

Richard D. Hailey
RAMEY & HAILEY
rich@rameyandhaileylaw.com

Jane Ann Himsel
LITTLER MENDELSON
jhimsel@littler.com

Brian Lee Mosby
LITTLER MENDELSON, P.C.
bmosby@littler.com

Joel Samuel Paul
RAMEY & HAILEY
lawjoel@hotmail.com